IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-01643-GPG

FELIX PAUL OLGUIN,

      Plaintiff,

v.

TRAVIS TRANI, and
ALL OTHERS WHO ARE ACTUALLY RESPONSIBLY [SIC], ETC.,

      Defendants.

---

## ORDER DISMISSING CASE

---

      Plaintiff, Felix Paul Olguin, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the Centennial Correctional Facility. Mr. Olguin initiated this action on July 31, 2015, by filing a document tiled "Motion and brief for a permanent injunction and for immediate and proper relief and intervention and motion for temporary restraining order and preliminary injunction" (ECF No. 2) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 1).

      On August 4, 2015, Magistrate Judge Gordon P. Gallagher reviewed the documents and found them to be deficient.  Specifically, Magistrate Judge Gallagher directed Plaintiff to cure enumerated deficiencies, including submitting a complete § 1915 motion and affidavit, along with a signed authorization to calculate and disburse filing fee payments, as well as a Prisoner Complaint on the proper Court-approved form. (*See* ECF No. 4).  In response, Plaintiff submitted documents titled "Notice to the Court"

(ECF No. 5) and a "Motion for enlargement of time and also combined with a motion for an extension of time and allo [sic] for a continuance pursuant to Rule 56(f)" (ECF No. 6). Magistrate Judge Gallagher granted Plaintiff's request for an extension of time to cure the designated deficiencies in this action.  (*See* ECF No. 8).

On September 8, 2015, Plaintiff filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 9) and a document titled "Notice to the Court an allo [sic] to all others" (ECF No. 10).  Magistrate Judge Gallagher granted Plaintiff leave to proceed pursuant to § 1915 without payment of an initial partial filing fee.  (*See* ECF No. 11).  In a minute order, Magistrate Judge Gallagher again instructed Plaintiff to file a Prisoner Complaint on the proper form to cure the remaining deficiency and directed the clerk of the court to mail to Plaintiff a blank copy of the Prisoner Complaint.  Magistrate Judge Gallagher warned Plaintiff that if he failed to cure the remaining deficiency within thirty days from the date of the minute order, the instant action would be dismissed without further notice.  (*See* ECF No. 12).

On October 8, 2015, Plaintiff submitted three documents tilted "Motion for competency examination and for evaluation and for screening and for a hearing, and also combined with a motion for an insanity examination and for evaluation and for screening in a timely fasion [sic] and manner" (ECF No. 13), "Motion for hearing pursuant to the Article 1 hearing" (ECF No. 14), and "Motion for a voluntary dismissal pursuant to Fed. R. Civ. P. 41(b)" (ECF No. 15).  In the motion for voluntary dismissal, Plaintiff seeks dismissal of the action and requests that the Court consider the other motions prior to granting the motion for voluntary dismissal.  (*Id.* at 4).

Having reviewed the documents submitted by Plaintiff on October 6, 2015, the Court finds that none of the documents cure the remaining deficiency.  Moreover, the Court will construe the "Motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(b)" (ECF No. 15) as a Voluntary Notice of Dismissal and dismiss the action without prejudice for the following reasons.

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  Defendant has not filed an answer in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* 8-41 James Wm. Moore et al., *Moore's Federal Practice* § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  Moreover, this voluntary dismissal "is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court."  *See Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir. 1989).  A notice of voluntary dismissal ends the action and terminates federal jurisdiction except for the limited purpose of reopening the case under Rule 60(b).  *Id.*  The case, therefore, will be closed as of October 6, 2015, the date the Voluntary Notice of Dismissal was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the Voluntary Notice of Dismissal, ECF No. 15, is effective as of October 6, 2015, the date Plaintiff filed the Notice in this action.  It is

FURTHER ORDERED that the action is dismissed without prejudice.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __15th__ day of ____October_____, 2015.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court